Zhang v. Barr

BIA
Hom, IJ
A205 036 171

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8ᵗʰ day of July, two thousand twenty.

PRESENT:
        DENNY CHIN,
        RICHARD J. SULLIVAN,
        WILLIAM J. NARDINI,
                *Circuit Judges.*
_____

LIANSHA ZHANG,
        *Petitioner,*

        v.                                          18-3854
                                                    NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:            H. Danny Kao, Kao & Associates PC
                           Flushing, NY.

FOR RESPONDENT:            Joseph H. Hunt, Assistant
                           Attorney General; Jessica E.
                           Burns, Senior Litigation Counsel;
                           Rosanne M. Perry, Trial Attorney,
                           Office of Immigration Litigation,

United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Liansha Zhang, a native and citizen of the People's Republic of China, seeks review of a November 29, 2018, decision of the BIA affirming an October 20, 2017, decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Liansha Zhang*, No. A205 036 171 (B.I.A. Nov. 29, 2018), *aff'g* No. A205 036 171 (Immig. Ct. N.Y.C. Oct. 20, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances of this case, the Court reviews the IJ's decision as modified by the BIA, i.e., minus the IJ's finding that the BIA declined to rely on. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

2

## Adverse Credibility Determination

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements . . . , [and] the internal consistency of each such statement . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim . . . ." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163–64 (2d Cir. 2008). The agency erred in finding Zhang not credible as to her claims that Chinese family planning officials forced her to terminate pregnancies in 1987 and 1991, and that the police detained and beat her because she complained about being fired from her government job after a workplace injury.

The agency erred in finding Zhang's testimony that she received treatment for her workplace injury at only one hospital inconsistent with her submission of medical certificates from two hospitals. As she testified, the later certificate does not state that she received treatment. Rather, it indicates that it was obtained months after treatment for purposes of certifying that she was disabled

3

due to a workplace injury. Further, the agency erred in relying on omissions from Zhang's asylum application of facts that were "supplementary, not contradictory" to her testimony. *Hong Fei Gao*, 891 F.3d at 79. Accordingly, because each of the agency's cited bases for its conclusion that Zhang was not credible was either erroneous or insufficient to support such a conclusion when considering the totality of the circumstances, the agency erred in denying relief on that basis. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Hong Fei Gao*, 891 F.3d at 82.

Burden Finding

Although the agency made an alternate burden finding, that finding is also infected with error that requires remand. "The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee." 8 U.S.C. § 1158(b)(1)(B)(ii); *see also id.* § 1231(b)(3)(C); *Wei Sun v. Sessions*, 883 F.3d 23, 28 (2d Cir. 2018). "In determining whether the applicant has met the applicant's burden, the trier of fact may weigh the

4

credible testimony along with other evidence of record. Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." 8 U.S.C. § 1158(b)(1)(B)(ii); *see also id.* § 1231(b)(3)(C). The agency's finding that Zhang failed to adequately corroborate her claims is not supported by the record.

The IJ erred in finding that Zhang failed to submit documentary evidence of her pregnancies when she submitted two abortion certificates issued on the dates she claimed to have been forced to terminate those pregnancies. The IJ also found that Zhang submitted evidence that she had obtained three voluntary abortions before her fourth allegedly forced abortion and that she had terminated her last pregnancy only after being diagnosed with uterine cancer; but Zhang only testified and presented evidence of two abortions and she did not allege, much less document, two additional abortions or a cancer diagnosis. Further, the IJ erred in finding that Zhang failed to provide any evidence of her factory employment given that her household registry lists her as a factory

worker.  Although the IJ correctly identified other missing evidence—corroboration that she had an IUD removed before becoming pregnant, affidavits from her ex-husband and her daughter, or evidence that she complained about being terminated from her job—we cannot confidently predict that the agency would reach the same result absent the egregiously erroneous findings regarding the other evidence in the record and the central facts of her claim.  *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339 (2d Cir. 2006) (providing that remand is futile when Court "can confidently predict that the agency would reach the same decision absent the errors that were made" (internal quotation marks omitted)).

For the foregoing reasons, the petition for review is GRANTED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6